LYDIA A. SMITH, plaintiff in error, *vs.* T. C. WILLINGHAM *et. al.*, defendants in error.

Where, upon notice for a new trial, the Court granted the motion on the ground that the father of one of the parties, and guarantor who had been rejected as a witness upon the trial, had, in the Court room, near to the jury box and within hearing of the jury, talked to another person, who had been a witness on the other side, about the case, and saying, among other things, that if he had been permitted to testify, he would have explained the whole matter, etc., and such fact was unknown to counsel or parties until after the verdict :

*Held*, That, in view of the necessity of preserving the purity of jury trials, where the Court below who presides at the trial, and whose opportunity of knowing the effect of subtle influences brought to bear upon the jury is better than ours, has granted a new trial under section 3667 of the Code, we will not interfere with his discretion, except in cases of its abuse.

Ejectment.    Interference with jury    New trial.    Before Judge HOPKINS. DeKalb Superior Court. December, 1870.

This was ejectment by Lydia A. Smith against Willingham *et al.*, for the "red-store lot" at Stone Mountain, Georgia.

It was admitted that on the 22d of May, 1851, the title to said lot was in George K. Smith. Plaintiff read a deed made that day whereby Smith conveyed this lot and others and certain personalty to George K. Hamilton.

Plaintiff next put in evidence a deed, whereby Hamilton, on the 2d of April, 1866, conveyed this store lot and the Cloud Hill place to Lydia A. Smith. Pending the trial, it

was shown that Mrs. Smith was Hamilton's daughter, and Hamilton was offered as a witness by her to prove the *bona fides* of his purchase and payment of Smith's debts, etc.; but he was rejected because Smith was dead. The jury found for the plaintiff the premises in dispute, with $699 37 for *mesne* profits. Defendants moved for a new trial, upon the following grounds, among others: Because Hamilton, in the presence and hearing of the jury, in a loud, feeling and excited manner, talked about the case then being tried, and the facts thereof.

The evidence as to this last ground was as follows: Affidavits by defendants and their attorneys, that they were ignorant of said fact till after the verdict was rendered. Harris, a juror, made affidavit that " during the trial and at the dinner hour of the Court, after all the evidence in the case had been introduced, and the opening argument of one of plaintiff's attorneys, he heard George K. Hamilton, who had been offered as a witness by the plaintiff and rejected by the Court, say that he had paid the last dollar that George K. Smith owed, and that if he, Hamilton, had been allowed to testify as a witness in the case he could have explained the whole matter." These remarks were directed more particularly to B. F. Veal, he and Hamilton being seated at the stove near the seats of the jury in which deponent was sitting. Veal, fixing the time and place as did Harris, made affidavit that in the presence and hearing of several of the jury, Hamilton said to him (Veal) that " he had paid all the debts of George K. Smith that he was to pay when he took a deed to his property, and much more besides, and more than he had made a showing of having paid, and that if he had been permitted to testify as a witness in the case he could have explained the whole matter to the satisfaction of the jury;" that he talked much of the case and its facts, and, in a feeling and excited manner, talking loudly. Several members of the jury were in the box at the time, and Veal and Hamilton were sitting at the stove near the jury box.

Smith *vs.* Willingham.

The sheriff made affidavit that he was across the Court-house at the time and heard Hamilton talking, but did not hear what he said.

In reply, Harris made another affidavit that it was when the jury were coming into Court he heard said talking; that the remark had no effect on his mind as a juryman; the conversation was directed to Veal, and deponent "does not know that Hamilton knew of his being present."

The Court granted a new trial because of " the improper conduct of George K. Hamilton," saying, in his order, "the other grounds stated are not deemed sufficient for granting a new trial." This grant of a new trial is assigned as error.

T. P. WESTMORELAND; A. W. HAMMOND & SON, for plaintiff in error.

HILL & CANDLER; P. B. STEWARD, for defendant.

LOCHRANE, Chief Justice.

In the view we entertain of the main question in this re-cord, we do not deem it necessary to travel through the mass of facts involved. This was an action of ejectment brought by Mrs. Smith for the recovery of property at Stone Moun-tain. The jury found for the plaintiff, with *mesne* profits, and the question of error arises upon the judgment of the Court granting a new trial upon the third and fourth grounds that relate to the improper conduct of George K. Hamilton. It appears by affidavits appended to the motion for a new trial, that George K. Hamilton, under whose deed Mrs. Smith claimed, and who was her father, and who had been rejected by the Court as a witness upon the trial, while the case was being tried in the presence of the jury, sitting at the stove in the Court-room, near to the jury box, in conversation with one Veal, a witness in the case, talked in a feeling and ex-cited manner about the case, and said in substance "that if he had been permitted to testify as a witness in the case he

Smith *vs.* Willingham.

could have explained the whole matter to the satisfaction of the jury;" and one of the jurors testifies that he heard the remarks. Out of this interference and irregularity, in presence of the jury, upon the part of Dr. Hamilton, the Court below set aside the verdict and granted a new trial.

The Code, section 3667, provides, "in all applications for a new trial on other grounds not provided for in this Code, the presiding Judge must exercise a sound legal discretion in granting or refusing the same, according to the provisions of the common law and practice of the Courts." At common law mere talking at jurors or in the presence of jurors, as in this case, would have been insufficient to set aside the verdict if it appeared from all the evidence in the case that the verdict of the jury was right. And such has been the general rulings of this Court. In the case of *Glenn, Dufield & Company vs. Salter*, I reviewed the various decisions upon this subject, and I will not here repeat the argument. Our judgment is clear that the granting a new trial on this ground was not an abuse of the discretion vested in the Court below, and except in cases of abuse of discretion vested in the Court charged with original jurisdiction over these matters, this Court will not interfere to reverse the judgment.

We have a full appreciation of the better opportunity the Court trying the case has to understand the effect and influence of parties than a Court of errors, having only the case upon paper; as much is lost in the proper presentation of all the matters transpiring in the Court during the progress of the trial. The jury are, under our jurisprudence, a most important element in the administration of justice. In view of the effect given to their verdicts by this Court, it is more essentially important that their deliberations should be freed from all subtle influences that might prejudice their judgments. And we cannot disturb the judgment of the Court in granting a new trial upon grounds affecting the purity of jury trials, with the view we entertain of the neces-

sity of maintaining that purity in all its legal guards of law and the usage of the Court. We would be unwilling, in doubtful cases, to control the discretion of the Court below in the premises. When justice has been done and the verdict of the jury is amply sustained by the evidence, and the irregularity of the jury has either been known to the parties before the rendition of the verdict or has been explained by evidence to show the want of intent, this Court has sustained the verdict. But in cases of subtle influence, as by intentional design to put illegal evidence before them, or statements calculated to affect their finding, this Court has not by any judgment pronounced, affirmed the regularity of such acts, but even in cases where the law did not authorize our interference, for irregularity or misbehavior of the jurors, or others towards them, we have asserted the necessity of protecting trials by jury from all sinister interference, and reprobated the acts with the admonition of its evil tendency and effect. In this case we have nothing to say about the other grounds made in the motion. The Court has not passed upon them, and we do not feel called on to do so. The ground upon which the Court granted the new trial, we think, was sufficient in law to have invoked the judgment, and we affirm the judgment upon that ground.

Judgment affirmed.